Roy and Sue GRENWELGE, Petitioners,

v.

SHAMROCK RECONSTRUCTORS, INC., Respondent.

No. C–4910.

Supreme Court of Texas.

Feb. 26, 1986.

Rehearing Denied April 2, 1986.

Michael E. Robinson, Dallas, for petitioners.

Cecil M. Arnold, Dallas, for respondent.

PER CURIAM.

In this contract case, we are asked to decide whether the jury's answer of "no" to a defendant's issue inquiring whether the plaintiff breached the contract is an affirmative finding of substantial performance of the contract by the plaintiff. The court of appeals, in an unpublished opinion, held that it was. We grant the application for writ of error, and, pursuant to Tex.R. Civ.P. 483, without hearing oral argument, reverse the court of appeals in part and affirm in part.

After a fire in their home, the Grenwelges contracted with Shamrock Reconstructors, Inc. to repair the damages. The parties agreed to a contract price of $84,213.91 and later entered into four change orders adding an additional $17,324.33 to the contract price. A fifth change order was also made which was signed by Shamrock but not by the Grenwelges.

Shamrock had almost completed the repairs when the last draw of $20,000 came due. The Grenwelges failed to make payment on the last draw and Shamrock brought suit. Shamrock sued to recover the final payment of $20,000 under the original contract, $2,324.33 on the four change orders, and $9,954.73 in quantum meruit pursuant to the fifth change order. A set-off of $998 for touch-up items was alleged by Shamrock. The Grenwelges counterclaimed for Shamrock's pleading of usurious interest and under the Deceptive Trade Practices Act. The Grenwelges' payment of $10,000 made after suit was filed was credited before trial.

Trial was to a jury which awarded Shamrock $1,815 on the four change orders, $8,800 in quantum meruit pursuant to the fifth change order, less $1,516 in touch-up costs. No issues were submitted on the original contract claim. The trial court granted a judgment non obstante veredicto for the Grenwelges and rendered judgment for $300 on the usurious interest claim, and $6,188.50 in attorneys' fees.

Shamrock appealed. The court of appeals reversed the judgment of the trial court and rendered judgment for Shamrock. The court of appeals held that Shamrock was entitled to $1,815 on the four change orders, $8,800 in quantum meruit on the fifth change order, and $10,000 less $1,516 in touch-up costs on the original contract. The issue of attorneys' fees was remanded to the trial court for determination.

On application for writ of error, the Grenwelges urge that the court of appeals improperly rendered judgment for $10,000 on the original contract. We agree. There were no issues submitted to the jury on Shamrock's original contract claim. A defensive issue inquiring whether plaintiff breached his contract with the Grenwelges was submitted. The jury answered "no" to this issue. Based on this answer, the court of appeals held "that [since] the contract was not breached (the equivalent of a finding of substantial performance), Shamrock was entitled to the full contract price up to the amount pled of $10,000, less the $1,516 in touch-up costs."

The court of appeals improperly used a "negative finding" to a defensive issue to support the plaintiff's affirmative claim of substantial performance under the construction contract. The court of appeals' holding conflicts with our opinion in *C & R Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966). There, we held:

This is a misinterpretation of the issue and answer. Properly interpreted, the answer is nothing more than [a finding] ... that the defendant failed to carry its burden of proving the fact.

*Id.* at 194. The jury's failure to find that Shamrock breached the contract merely means that the Grenwelges failed to carry their burden of proving the fact. It does not mean the reverse, that Shamrock substantially performed the contract.

We grant the Grenwelges' application for writ of error and, without hearing oral

argument, reverse that portion of the court of appeals' judgment allowing damages in the amount of $10,000 less $1,516 and render judgment that Shamrock take nothing on the original contract claim. Tex.R. Civ.P. 483. The remainder of the court of appeals' judgment is affirmed.