**Affirm; Opinion Filed October 12, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-18-00510-CV**

**JACOLBY ANDERSON, Appellant**
**V.**
**LONESTAR PATENT SERVICES, INC., Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-18-00393-E**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Pedersen, III

Jacolby Anderson appeals a take-nothing judgment following a bench trial in his breach of contract suit against Lonestar Patent Services, Inc. Anderson challenges the trial court's finding of fact, and the legal and factual sufficiency of the evidence, that Lonestar immediately started working on Anderson's project as required under the terms of the contract between the parties. Anderson also asserts that the "no refund" provision of his contract with Lonestar is void. We affirm the trial court's judgment.

# I. Background

The parties agree that on September 6, 2018, Anderson signed a contract with Lonestar for services relating to Anderson's invention known as "Shooting Form Kit." According to the contract, Lonestar agreed to provide a variety of services, including design and illustration of the product; engineering design, technical drawings, and description of the components; general marketing information; preparation of a provisional patent application; and a search for possible manufacturers/distributors. Anderson agreed to pay Lonestar $12,930 for these services. Anderson made a partial payment in the amount of $4,100, with the balance of $8,830 due on October 15, 2018. The contract provided that Lonestar would begin working on Anderson's project immediately. The contract also provided that no refunds would be made once Lonestar commenced work on the project.

On October 5, 2018, Anderson called Lonestar to terminate the contract and ask for a refund. Anderson also sent a written notice of cancellation by certified mail, as required by the contract. Lonestar refused to refund Anderson's partial payment of $4,100.

Anderson filed a breach of contract lawsuit against Lonestar in the Justice of the Peace Court for Dallas County, seeking a refund of his partial payment of $4,100. Lonestar filed a counter-claim against Anderson, seeking the balance due under the contract. The court entered judgment in favor of Anderson in the amount of $4,100 plus costs. Lonestar appealed to Dallas County Court at Law No. 5.

During a de novo bench trial, Anderson testified that he canceled the contract because Lonestar did not immediately start working on his project. Kish Kuehnert, the owner and operator of Lonestar, testified that Lonestar started working on Anderson's project as soon as the contract was signed. The trial court entered a take nothing judgment with respect to the claims of both parties. Upon Anderson's request, the trial court entered findings of fact and conclusions of law.

Anderson filed a notice of appeal. He also filed a brief challenging the adequacy of the trial court's findings of fact and conclusions of law, and requested that this Court remand the case for a new trial resulting in specific findings of fact and conclusions of law. This Court ordered the trial court to enter findings of fact and conclusions of law, and we abated the appeal to allow the trial court time within which to comply with our order. Once the trial court filed its "Additional Findings of Fact and Conclusions of Law," the appeal was reinstated.

## II.  Discussion

### A.  *Legal and Factual Sufficiency*

Anderson first complains that the trial court's Additional Finding of Fact 5 is improperly vague, and is insufficient to support a conclusion that Lonestar partially performed its obligations under the contract. The finding of fact states as follows:

> 5.  Lonestar refused to issue a refund of the $4,100 paid by Anderson because it had started working on Anderson's project immediately upon being hired. The testimony by Lonestar's representative at trial was unequivocal and credible. Even if Lonestar did not start work on

Anderson's project "immediately," it did start work before Anderson requested a refund.

Anderson argues the trial court's finding of fact was vague because it did not state the specific work that had been started at a specific time. He also contends the evidence presented at trial was legally and factually insufficient to show that Lonestar started working immediately or before he requested a refund.

In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict. *Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.). When the appellate record contains a reporter's record as it does in this case, findings of fact are not conclusive and are binding only if supported by the evidence. *Id.* We review a trial court's fact findings under the same legal and factual sufficiency of the evidence standards used when determining if sufficient evidence exists to support an answer to a jury question. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). When an appellant attacks the legal sufficiency of the evidence to support an adverse finding on an issue on which he did not have the burden of proof, he must show that no evidence supports the finding. *Guillory v. Detrich*, 598 S.W.3d 284, 293 (Tex. App.—Dallas 2020, pet. denied). The evidence is legally sufficient if it would allow reasonable and fair-minded people to reach the finding under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In conducting our review, we view the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *Id*. at 822. We

–4–

must credit evidence favorable to the finding if a reasonable person could, and we must disregard contrary evidence unless a reasonable person could not. *Id*. at 827.

When an appellant challenges the factual sufficiency of the evidence to support an adverse finding on an issue on which he did not have the burden of proof, he must demonstrate that there is insufficient evidence to support the adverse finding. *Kelley & Witherspoon, LLP v. Hooper*, 401 S.W.3d 841, 847 (Tex. App.—Dallas 2013, no pet.). In reviewing the challenge, we consider all the evidence in the record and set the finding aside only if the evidence supporting it is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Id*.

At trial, Anderson testified that he understood that once work had started, the fee was non-refundable. Although he admitted that he had spoken to the graphics designer on two separate occasions, he repeatedly stated that work had not started on his project. Anderson appears to argue that because he had not received a completed work product, no work had been done. He contends that without descriptions of the work performed on specific dates, he remains confused as to what work had been done. However, the contract states that it could take from 120 to 150 days to complete the services. It also provides that work would not be completed or provided to the client until the client paid the balance due as contractually agreed. Anderson concedes that he did not pay the balance of $8,830 that was due on October 15, 2018.

Kuehnert testified that Lonestar began working on Anderson's project even before the contract was signed. He explained that Lonestar contracts with engineering firms, graphics designers, marketing companies, and a patent law firm to evaluate the feasibility of the patent being sought by Lonestar's clients. If, after their initial review, the contractors do not see any problems with bringing the product to market, the contractors provide Lonestar with detailed outlines of the work required for that specific product. Lonestar then meets with its client to explain exactly what is recommended for the product, with detailed work and cost descriptions.

With respect to Anderson's project, Kuehnert testified Lonestar took photographs of Anderson's work, descriptions, and drawings; it also prepared its own write-up describing the product. He stated that Lonestar probably put ten to twelve hours into the project even before the contract was signed; Anderson was not charged for that work. Once Lonestar received product feedback from its contractors, Kuehnert met with Anderson to explain the details and the cost. After the contract was signed, Lonestar immediately prepared work orders for all of the contractors that would be working on the project. After sending out the work orders, Lonestar contacted each contractor to discuss the project in detail to make sure everyone had a clear understanding of the product. Kuehnert testified that it typically takes a designer four to six weeks to complete initial drawings of a product, depending on how many revisions the client requests. Kuehnert estimated that

Lonestar spent six to eight hours working on Anderson's project after the contract was signed.

As the trier of fact, the trial court was permitted to accept Kuehnert's testimony regarding the work Lonestar had performed on Anderson's project and to reject or discount Anderson's testimony on this issue. *See City of Keller*, 168 S.W.2d at 822. In so doing, the trial judge may have reasonably concluded that Lonestar immediately began work on Anderson's project. We agree that the evidence is legally and factually sufficient to support the trial court's Additional Finding of Fact 5. We overrule Anderson's first issue.

### B. *"No Refund" Contract Provision*

In his second issue, Anderson argues that the "no refund" provision in the contract is void for impossibility because conditions allowing for a refund could never actually occur. The contract states:

> It is understood and agreed to by CLIENT that although work will begin immediately on the services provided for in this contract, work cannot be completed nor delivered until CLIENT has paid the balance of $12,930.00 as contractually agreed. It is also understood by CLIENT that there are NO refunds once work has commenced.

Anderson compares the contract provision that no refund will be given "once work has commenced," to the provision that "work will begin immediately." According to his interpretation of these terms, work "beginning immediately" is the same as "work commencing," so he contends that these terms directly conflict. He argues that under these terms, there is no scenario by which a refund could be given.

Therefore, according to Anderson, the provision is void for impossibility, leaving the option for a refund in place. Lonestar responds that the provision is not void because a refund would be owed if Anderson requested a refund before Lonestar started work.

The trial court addressed whether the provision that Lonestar would start work immediately voided the no refund provision in its conclusions of law. Additional Conclusion of Law 8 states:

> 8. Although the Contract contains language that states Lonestar will be starting work immediately, this is not a "condition precedent" under the Contract that would void the "no refund" portion of the Contract.

We review a trial court's conclusion of law de novo. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Sheetz v. Slaughter*, 503 S.W.3d 495, 502 (Tex. App.—Dallas 2016, no pet.). We are not bound by the trial court's legal conclusions, but the conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Fulgham*, 349 S.W.3d at 157–58.

In considering whether the contract language "although work will begin immediately on the services provided for in this contract" is a covenant or a condition precedent, we examine the entire contract to determine the intent of the parties. *See Arbor Windsor Court, Ltd. v. Weekley Homes, LP*, 463 S.W.3d 131, 136 (Tex. App.—Houston 14th Dist.] 2015, pet. denied) (citing *Criswell v. European Crossroads Shopping Ctr., Ltd.*, 792 S.W.2d 945, 948 (Tex. 1990)). We endeavor to

determine whether the parties intended that the right or the responsibility at issue be conditional. *Id*. "A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation." *Centex Corp. v. Walton*, 840 S.W.2d 952, 956 (Tex. 1992); *see also Solar Applications Eng'g, Inc. v. T.A. Oper. Corp*., 327 S.W.3d 104, 108 (Tex. 2010) (citing Restatement (Second) of Contracts § 224 (1981) ("A condition is an event, not certain to occur, which must occur, unless its non-occurrence is excused, before performance under a contract becomes due.")). In contrast, a covenant is an agreement to act or refrain from acting in a certain way. *Solar Applications*, 327 S.W.3d at 108. We are also mindful that Texas public policy disfavors condition precedent. "In construing a contract, forfeiture by finding a condition precedent is to be avoided when another reasonable reading of the contract is possible." *Criswell*, 792 S.W.2d at 948. Accordingly, "if the language of the contract is susceptible to a non-condition precedent interpretation, we accept that construction and construe the language as a mere covenant." *Arbor Windsor Court*, 463 S.W.3d at 136–37.

In determining whether the parties intended to create a condition precedent, we look for conditional language such as "if," "provided that," or "on condition that." *Criswell*, 792 S.W.2d at 948. "While there is no requirement that such phrases be utilized, their absence is probative of the parties['] intention that a promise be made, rather than a condition imposed." *Id*. When no conditional language is used

and another reasonable interpretation of the contract is possible, "the terms will be construed as a covenant in order to prevent a forfeiture." *Id.*

Here, the contract provision does not contain conditional language. Also, another reasonable interpretation of the contract provision is possible. The provision is a modifying phrase within a sentence. When the provision is read in context, the sentence can reasonably be interpreted that no matter when the work began, the work will not be completed or delivered until the client pays the balance due. We agree with the trial court that the absence of conditional language indicates that the parties intended to make a promise that work would begin immediately, rather than to impose the condition that it do so. *See Solar Applications*, 327 S.W.3d at 109; *Criswell*, 792 S.W.2d at 948. If Lonestar did not begin work immediately as promised, Anderson could have requested and been entitled to a refund under the no refund provision. We uphold the trial court's Additional Conclusion of Law 8. *See Fulgham*, 349 S.W.3d at 157–58. Anderson's second issue is overruled.

### III.  Conclusion

Having overruled both of Anderson's issues, we affirm the trial court's judgment.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

180510f.p05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JACOLBY ANDERSON, Appellant

No. 05-18-00510-CV      V.

LONESTAR PATENT SERVICES, INC., Appellee

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-18-00393-E.
Opinion delivered by Justice Pedersen, III. Justices Myers and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee LONESTAR PATENT SERVICES, INC. recover its costs of this appeal from appellant JACOLBY ANDERSON.

Judgment entered this 12th day of October, 2020.