**Reversed and Rendered and Opinion filed November 15, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00836-CV

---

**ROBERT ORR JUNIOR, Appellant**

**V.**

**JOHN K. BROUSSARD, PRINCE'S HAMBURGERS NO. 5, L.L.C., P.H. 2003, L.P., PHSW LIMITED PARTNERSHIP, BROUSSARD MANUFACTURING CO. 2003, L.L.C., AND PRINCE'S FAMOUS HAMBURGER STAND #10, INC.; AND PRINCE'S HAMBURGERS NO. 4, L.L.C., Appellees**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-05315**

---

## O P I N I O N

Appellant Robert Orr Jr. and appellee John K. Broussard were among six guarantors of a loan to Prince's Hamburgers No. 5 by Post Oak Bank. When Prince's Hamburgers No. 5 defaulted, Orr paid the outstanding balance and sued Broussard, among others, for equitable contribution. The jury found that Orr paid $283,110.71

to the bank to satisfy his obligations under the guaranty; thus, Broussard's proportionate share is one-sixth of that amount, which is $47,185.12. Broussard has paid Orr $15,750.00, and Orr additionally foreclosed on certain restaurant equipment, which the jury valued at $750.00. Although Broussard has not paid the remaining $30,685.12, the jury found that Broussard did not breach his co-guarantor obligations to Orr, and the trial court rendered judgment in Broussard's favor.

We agree with Orr that, given the uncontroverted evidence, Broussard breached his co-guarantor obligation as a matter of law, and thus, the trial court erred in denying Orr's motion to disregard the jury's finding that Broussard did not breach that obligation. We similarly hold that the trial court erred in failing to disregard the jury's finding under the Uniform Commercial Code that Orr did not dispose of a trademark securing the debt in a commercially reasonable manner. *See* TEX. BUS. & COM. CODE ANN. §§ 9.601–.628 (West 2011 & Supp. 2018). Finally, we must refuse Orr's request to recover his attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code because the statute does not authorize fee-recovery for an equitable-contribution claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001–.002 (West 2015). Thus, we reverse the trial court's judgment and instead render judgment in Orr's favor in the amount of $30,685.12.

## I. BACKGROUND

Appellant Robert Orr Jr. and appellee John K. Broussard were in business together in connection with the operation of a small restaurant chain known as Prince's Hamburgers. In 2008, Prince's Hamburgers No. 5, L.L.C. ("Prince's No. 5") borrowed $667,500.00 from Post Oak Bank, N.A. The loan was supported by guaranty agreements by six guarantors: (1) Orr; (2) Broussard; (3) Broussard Manufacturing Co. 2003 L.L.C.; (4) PH 2003 L.P.; (5) PHSW Limited Partnership; and (6) Prince's Hamburger's No. 4, LLC ("Prince's No. 4"). In addition, Prince's

2

No. 5 and three of the co-guarantors signed security agreements, as did Prince's Famous Hamburger Stand #10, Inc. ("Prince's No. 10"). The property securing the debt included restaurant equipment and a trademark that allows the restaurant chain to refer to its hamburgers as "Prince's Hamburgers."

In 2013, Prince's Hamburgers No. 5 could no longer make the payments on the note. In fulfillment of his guaranty agreement, Orr paid the outstanding balance of $283,110.71, and the bank assigned the note and the security agreements to Orr. Broussard made payments to Orr totaling $15,750.00, but Orr demanded that Broussard reimburse him for the full amount Orr paid to the bank. When Broussard did not, Orr sued Broussard, all of the other co-guarantors, and the companies that issued security agreements.

As relevant to this appeal, Orr asserted a claim against Broussard for equitable contribution and asked the trial court to order Broussard to reimburse Orr for Broussard's proportionate share of the amount Orr paid to the bank. Broussard maintained that the Orr actually was asserting a deficiency suit under the Uniform Commercial Code. Both at the start of trial and in a motion for directed verdict, Orr argued that there was no question of material fact and that he was entitled to judgment as a matter of law, but the trial court overruled his requests.

During the course of the litigation, Orr foreclosed upon and sold some restaurant equipment securing Prince's No. 5's debt; in accordance with the uncontroverted evidence, the jury found that Orr made a commercially reasonable disposition of the equipment, which was worth $750.00. As for the trademark that constituted additional security for the debt, the parties stipulated on the record at trial that the trademark was tendered to Orr, who refused it. The jury nevertheless was asked whether Orr made a commercially reasonable disposition of the trademark, to

3

which the jury answered, "No." The jury also was asked to state the trademark's value, to which the jury answered, "$0."

Regarding Orr's equitable-contribution claim, the jury was asked if Orr paid the bank "to fulfill his obligations under his Guaranty Agreement." The jury answered in the affirmative and found that the amount Orr paid was $283,110.71. The jury also was asked if Broussard "breach[ed] his co-guarantor obligations" to Orr by failing to reimburse Orr for Broussard's proportionate share of the debt. The jury answered, "No." As Orr requested, the jury also made findings regarding the reasonable fees for the necessary services of Orr's counsel at trial and on appeal.

Orr filed a motion for the trial court to disregard the jury's finding that Broussard did not breach his co-guarantor obligations and that Orr failed to dispose of the trademark in a commercially reasonable manner. Broussard filed his own motion for entry of judgment in which he asked the court to render a take-nothing judgment based on the jury's finding that he did not breach his obligations to Orr. The trial court granted Broussard's motion and rendered judgment that Orr take nothing by his claim.

## II. ISSUES

In his first issue, Orr argues that the trial court erred in failing to disregard the jury's finding that Broussard did not breach his co-guarantor obligations to Orr, because the question was immaterial and the evidence conclusively established Broussard's breach. In his second issue, Orr argues that the trial court erred in failing to disregard the jury's negative answer to the question of whether Orr disposed of the trademark at issue in a commercially reasonable manner.

4

## III. EQUITABLE CONTRIBUTION

Co-guarantors generally are required to bear equally the loss resulting from the principal debtor's default. *See Miller v. Miles*, 400 S.W.2d 4, 7 (Tex. Civ. App.—Tyler 1966, writ ref'd n.r.e.). Thus, a co-obligor who discharges more than his share of the common obligation may seek equitable contribution from his co-obligors. *See McGehee v. Hagan*, 367 S.W.3d 848, 853 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). The elements of a claim for equitable contribution are that (a) the plaintiff and the defendant share a common obligation or burden, and (b) the plaintiff "has made a compulsory payment or other discharge of more than its fair share of the common obligation or burden." *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 772 (Tex. 2007).

It is undisputed that the loan to Prince's No. 5 was supported by guaranty agreements from six guarantors and that when Prince's No. 5 was unable to pay its debt, Orr paid the entire outstanding balance and interest. The evidence is uncontroverted that Orr paid more, and Broussard paid less, than one-sixth of the outstanding debt.

Nevertheless, Broussard maintains that the trial court properly denied Orr's motion to disregard the jury's finding that Broussard did not breach his co-guarantor's obligation to Orr. Broussard contends that the trial court's ruling was correct because (a) Orr did not plead a claim for equitable contribution; (b) Orr waived his complaint that the jury's finding is immaterial; and (3) the jury's finding constitutes an implicit finding that Orr prevented Broussard from performing his obligations, or stated differently, Broussard's breach is excused.

5

## A.     The Equitable-Contribution Pleadings

Texas follows the fair-notice standard for pleading, under which the pleadings must provide the pleader's adversary "sufficient information to enable that party to prepare a defense or a response." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224–25 (Tex. 2017). A pleading is sufficient if a court can "ascertain with reasonable certainty the elements of a cause of action and the relief sought with sufficient particularity upon which a judgment may be based." *Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 198 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Orr satisfied this standard. He pleaded that he, Broussard, and the four other co-guarantors "were co-guarantors of a note executed by [Prince's No. 5]." He then stated, "After [Prince's No. 5] defaulted on the note, Plaintiff paid off the note to satisfy his guarantor liability. Despite repeated demands to the Defendant Guarantors, they have not satisfied their respective shares of liability to Plaintiff."

Although these allegations are stated under the subheading "Breach of Contract against Co-Guarantors," Orr pleaded every element of a claim for equitable contribution. *See Mid-Continent Ins. Co.*, 236 S.W.3d at 772. The pleading was not rendered insufficient merely because Orr inaccurately labeled it as a claim for breach of contract. *See CKB & Assocs., Inc. v. Moore McCormack Petroleum, Inc.*, 809 S.W.2d 577, 586 (Tex. App.—Dallas 1991, writ denied) ("A pleading that gives adequate notice will not fail merely because the draftsman named it improperly.") (quoted with approval in *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000)).

In a related argument, Broussard asserts that the jury properly found that he did not breach his co-guarantor obligation to Orr because "Orr never asked Broussard for his proportionate share before the case went to trial." Broussard cites

6

no authority that this is an element of, or a condition precedent in, a claim for equitable contribution, but in any event, the record establishes that Orr pleaded a claim for his five co-guarantors to pay him "their respective shares" of the debt eighteen months before trial.

## B.      Preservation of Error

Broussard next contends that Orr has waived any complaint about the materiality of the jury's negative answer to the question of whether Broussard breached his co-guarantor obligations to Orr.  According to Broussard, Orr waived this complaint because Orr proposed, and did not object to, this charge question.

A complaint that a jury's answer is immaterial is not a jury-charge complaint which must be raised before the jury deliberates.  *See Musallam v. Ali*, No. 17-0762, __S.W.3d__, 2018 WL 5304678, at *3 (Tex. Oct. 26, 2018).  A party instead can preserve a materiality complaint by raising the issue in a motion for judgment notwithstanding the verdict, a motion to disregard the finding, or a motion for new trial.  *See BP Am. Prod. Co. v. Red Deer Res., LLC*, 526 S.W.3d 389, 402 (Tex. 2017).  Because Orr argued in his combined motion to disregard findings and for judgment notwithstanding the verdict that certain jury findings were immaterial, those arguments have been preserved for review.

## C.      The Jury's Finding Regarding Breach of Co-Guarantor Obligations

We now reach the merits of Orr's arguments that the trial court erred in failing to disregard the jury's negative answer to the "breach" question.  We review the denial of a motion to disregard jury findings under the well-established legal-sufficiency standard. *Kamat v. Prakash*, 420 S.W.3d 890, 905 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  We review all of the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could and

7

disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

In Question 3 of the charge, the jury was asked, "Did John Broussard breach his co-guarantor obligations to Robert Orr, Jr. by failing to reimburse Mr. Orr for his Broussard's [sic] proportionate share of the debt?" The jury answered, "No." In his post-verdict motion, Orr asked the trial court to disregard this finding on the grounds that (a) the finding is immaterial in that the question called for a legal determination; (b) no evidence supports the finding; and (c) evidence conclusively proves both that Broussard was Orr's co-guarantor and that Broussard failed to reimburse Orr for Broussard's proportionate share of the amount Orr paid to the bank.

A trial court may disregard a jury finding that is immaterial. *See Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex. 1994). A question is immaterial if it has been rendered immaterial by other findings or if it should not have been submitted at all. *See id*. Questions that should not be submitted include those that call for the jury to answer a question of law. *Id.* The application of law to facts that are undisputed or that are conclusively established presents such a question of law. *See Reliance Nat'l Indem. Co. v. Advance'd Temporaries, Inc.*, 227 S.W.3d 46, 50 (Tex. 2007).

We agree with Orr that Question 3 is immaterial because it called upon the jury to answer a question of law. It is undisputed that (a) Broussard is one of six co-guarantors of Prince's No. 5's debt; (b) Orr paid off the outstanding principal and interest totaling $283,110.71; (c) one-sixth of $283,110.71 is $47,185.12; and (d) the sum of the amounts that Broussard has paid Orr and the value of the equipment that Orr foreclosed upon and sold is less than $47,185.12. Thus, as a matter of law, Broussard is in breach of the obligation he owes to Orr as a co-guarantor. The trial court accordingly erred in failing to disregard the jury's erroneous answer to the

8

legal question of Broussard's reimbursement to Orr of less than one-sixth of the amount Orr paid to the bank constitutes a breach of the obligation Broussard owed Orr as a co-guarantor. As a matter of law, it does.

Broussard argues that the trial court properly denied this part of Orr's post-verdict motion because the jury's answer to this question constituted a finding that Orr prevented Broussard from performing. But whether a breach is excused because the other party prevented performance is an affirmative defense that must be pleaded. *See, e.g.*, *Saddle Brook W. Apartments v. Sung Joon Jang*, No. 10-11-00450-CV, 2013 WL 3927756, at *1 (Tex. App.—Waco July 13, 2013, pet. dism'd) (mem. op.) (prevention of performance is an affirmative defense); *Home Loan Corp. v. JP Morgan Chase Bank, N.A.*, 312 S.W.3d 199, 205 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (excuse is an affirmative defense). Because Broussard did not plead such an affirmative defense, the excuse of prevention of performance is waived. *See Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992) (unpleaded affirmative defense is waived). Moreover, the party relying on an affirmative defense has the burden to obtain findings of fact on the issue. *XCO Prod. Co. v. Jamison*, 194 S.W.3d 622, 635 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). A jury's negative finding to a plaintiff's broad-form "breach" question is not an implicit finding that the defendant proved an affirmative defense. *Cf. Arbor Windsor Court, Ltd. v. Weekley Homes, LP*, 463 S.W.3d 131, 141–42 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (broad-form finding of failure to comply with a contract is not an implicit finding on the affirmative defense of excuse). Because Broussard neither pleaded nor obtained a finding that Orr prevented Broussard's performance, Broussard's breach is unexcused.

We sustain Orr's first issue.

## D. Broussard's Proportionate Share

At various times in the trial court, Orr has asked that Broussard be ordered to reimburse Orr for one-third, one-fourth, one-fifth, or one-sixth of the amount that Orr paid to the bank. On appeal, he states that only three co-guarantors "are still in existence," and he argues alternatively for one-third or one-sixth of the amount Orr paid the bank.

Orr cites authority for his contention that each co-guarantor is liable for the amount of the debt divided by the total number of guarantors. *See Byrd v. Estate of Nelms*, 154 S.W.3d 146, 165 (Tex. App.—Waco 2004, pet. denied). He cites no authority for his alternative argument that each co-guarantor is liable for the amount of the debt divided by the number of guarantors still in existence as of a particular date. Orr also does not identify the relevant date for determining the number of guarantors "still in existence," whether that be the date when the debt was paid, or the date suit was filed, or the date of judgment, or some other date. We therefore consider his asserted right to reimbursement of one-third of the amount he paid to the bank to be waived for inadequate briefing. *See* TEX. R. APP. P. 38.1(i). We instead conclude that Orr is entitled to reimbursement from Broussard of one-sixth of $283,110.71, which is $47,185.12

Finally, Orr states that Broussard is entitled to credit for (a) the $15,750 already paid to Orr, and (b) the value of the equipment that Orr foreclosed upon and sold. We therefore will assume that this is correct. Because the jury found, and the uncontroverted evidence established, that the value of equipment foreclosed upon was $750.00, Broussard is entitled to credit in the amount of $15,750.00 + $750.00 = $16,500.00. After applying this credit, the outstanding amount of Broussard's co-guarantor obligation to Orr to $30,685.12. We therefore reverse the judgment and render judgment that Broussard is liable to Orr in the amount of $30,685.12 on Orr's

equitable-contribution claim. *Cf. Montgomery v. Byrd*, No. 14-07-01015-CV, 2009 WL 2589431, at *9 (Tex. App.—Houston [14th Dist.] Aug. 25, 2009, no pet.) (mem. op.) (reversing judgment based on jury's failure to find that the defendant breached a contract and instead remanding for entry of judgment in plaintiff's favor where it was established as a matter of law that defendant was required to reimburse plaintiff for 1/3 of plaintiff's payments, the amount of plaintiff's payments was undisputed, and plaintiff admitted to the amount of the offset to which defendant was entitled); *Adjusters & Loss Consultants Grp., Inc. v Johnson Int'l Material, Inc.*, No. 13-01-874-CV, 2004 WL 2535399, at *5–6 (Tex. App.—Corpus Christi 2004, no pet.) (mem. op.) (reversing judgment based on jury's failure to find that the defendant breached the contract and instead rendering judgment for plaintiff based on conclusive evidence and parties' stipulations).

## IV. THE TRADEMARK

The loan to Prince's No. 5 was supported by a security interest in a trademark, and after Orr paid the outstanding amount of the debt, the bank assigned its security interest in the trademark to him. Broussard argued at trial that Orr is not entitled to recover because, as the jury found, Orr did not dispose of the trademark in a commercially reasonable manner. Orr asked the trial court to disregard the question as immaterial, and he argues on appeal that the trial court erred in failing to do so.

The UCC provides that "[a]fter default, a secured party *may* sell, lease, license, or otherwise dispose of any or all of the collateral . . . ." TEX. BUS. & COM. CODE ANN. § 9.610(a) (emphasis added). But a secured party is not required to do so, particularly if it cannot be done in a "commercially reasonable manner." *See id.* § 9.610(b) ("*If commercially reasonable*, a secured party *may* dispose of collateral by public or private proceedings, by one or more contracts, as a unit or in parcels, and at any time and place and on any terms.") (emphasis added).

11

Here, the parties stipulated on the record that Broussard tendered the trademark and Orr refused it; indeed, Broussard admitted that he still owns and uses the trademark. Because neither the UCC nor the security agreement required Orr to accept and dispose of the trademark, and the parties agree that he did not do so, the question of whether he disposed of the trademark in a commercially reasonable manner is immaterial as a matter of law.[1] Because the trial court erred in failing to disregard this finding, we sustain Orr's second issue.

## V. ATTORNEY'S FEES

Attorney's fees are recoverable only as provided by statute or by a contract between the parties. *Willacy Cty. Appraisal Dist. v. Sebastian Cotton & Grain, Ltd.*, 555 S.W.3d 29, 52 (Tex. 2018). As a subsidiary matter to his first issue, Orr asks that, pursuant to Texas Civil Practice and Remedies Code section 38.002, we award him attorney's fees in the amounts assessed by the jury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002.

Section 38.002 describes the procedure for recovering fees under Texas Civil Practice and Remedies Code chapter 38, which authorizes recovery of attorney's fees to a party who successfully pursues a claim for (1) rendered services; (2) performed labor; (3) furnished material; (4) freight or express overcharges; (5) lost or damaged freight or express; (6) killed or injured stock; (7) a sworn account; or (8) an oral or written contract. *See id.* §§ 38.001, 38.002. The statute does not authorize recovery of attorney's fees incurred in successfully pursuing an equitable-contribution claim, nor does Orr contend otherwise. *See id.* § 38.001; *see also Nelms v. Chazanow*, 404 S.W.2d 359, 362 (Tex. Civ. App.—Houston 1966, no

---

[1] In an argument that can be considered a cross-point, Broussard challenges the jury's finding that the trademark is worth $0. Because Orr did not dispose of the trademark, Broussard's argument is moot.

12

writ) (sub. op.) (explaining that equitable contribution is based "upon the implied promise arising out of the relationship of the parties and not upon a written contract"). We accordingly overrule this subsidiary issue.

## VI. CONCLUSION

It is undisputed that Prince's No. 5's debt was supported by six co-guarantors, and that when Prince's No. 5 defaulted, Orr paid the outstanding balance of $283,110.71. Orr has an equitable right of contribution against each of his co-guarantors for one-sixth of that amount, or $47,185.12. Orr states that Broussard is entitled to reduce his proportionate share by the $15,750.00 that Orr already has received and by an additional $750.00, representing the value of the property that Orr foreclosed upon and sold. Finally, Texas Civil Practice and Remedies Code chapter 38 does not authorize recovery of attorney's fees for successfully pursuing a claim of equitable contribution. Thus, we reverse the trial court's judgment and render judgment in Orr's favor for $30,685.12.


/s/　　Tracy Christopher
　　　　Justice


Panel consists of Justices Christopher, Jamison, and Brown.