**AFFIRMED in part; REVERSED and RENDERED in part; VACATED and REMANDED and Opinion Filed June 16, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00474-CV**

**BNM VENTURES, LLC, Appellant**
**V.**
**SHANNON GREEN, Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-08630**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Reichek

In this appeal following a bench trial, BNM Ventures, LLC challenges the trial court's judgment in favor of Shannon Green on his claim for breach of a settlement agreement. BNM brings two issues generally asserting the evidence does not support the trial court's finding of breach or its award of damages. Because we conclude Green failed to adduce any evidence at trial to show the cost-of-completion damages he sought to recover were reasonable, we reverse the trial court's award of those damages and render judgment that Green recover no remedial damages. Because the remaining damages are unchallenged, they are affirmed. We remand

the case to the trial court for a reassessment of attorney's fees in light of this disposition.

## Background

BNM constructed a home and sold it to Green in April 2019. Several weeks later, the area received substantial rainfall and the house flooded. Green hired Lighthouse Engineering, L.L.C. to do a drainage inspection.

A report prepared by Lighthouse concluded there were several issues with the water drainage on the property, including that the grading around the house did not meet the minimum requirements of the International Residential Code ("IRC"). Lighthouse drafted an engineering report recommending remediation measures and attached a drawing outlining their recommendations.

On August 8, 2019, Green's attorney sent Michael White, BNM's managing partner, a notice of construction defects pursuant to the Texas Residential Construction Liability Act. Among the defects listed in the notice were that the "driveway was improperly constructed and allows water to run toward the house," and the "final grade was improperly completed on the front and left sides of the Property, which causes water to drain toward the house, rather than away from it." Following a mediation, Green and BNM entered into a settlement agreement in which BNM agreed to,

> Modify the driveway and grading per the Lighthouse Engineering, LLC report attached as Exhibit "B." Post-completion inspection by an engineer will be performed at

Shannon Green's expense within 15 days from the date that BNM notifies Mr. Green that repairs are believed to be complete; if the post-completion inspection determines that the modifications made by BNM did not conform to the specifications set forth in Exhibit "B," BNM will make further modifications until those specifications are met.

In May 2020, White informed Green that BNM's work was ready for inspection. The Lighthouse engineer who drafted the original report determined the repairs did not conform to the report's specifications. White disputed the engineer's conclusion, particularly with respect to the driveway, stating the report was "very ambiguous." According to White, the report did not require the driveway to be broken out and replaced to the extent Lighthouse now claimed was necessary. White ceased work on the exterior of the house and said he wanted the parties' attorneys to resolve the conflict.

On June 1, Green's attorney sent an email to BNM's attorney stating that Green would be "hiring another contractor to finish the exterior work that [BNM] refuses to complete." Two days later, Green sent a text message to White stating he was not sure if White was "waiting on a deal" to complete the repairs, but he was hiring another company to complete the work. Lighthouse issued an inspection report the same day stating the work done by BNM was deficient in several ways including, (1) the grading around the perimeter did not meet the minimum required by the IRC, and (2) the driveway was not broken out and "swaled" as recommended in the repair plan.

On June 29, Green received a bid from Armadillo Fences, Decks and Remodels stating the cost to make the necessary modifications to his property would be $8,600. Payment by credit card would add an additional service charge of $301.15. The estimate stated it was also "HIGHLY recommended" to have sod laid on the property. Ten days later, Armadillo Fences provided Green with an estimate of $4,288.05 to install 2,199 square feet of sod. Green hired Armadillo Fences and the record shows the company completed the drainage work and laid sod. Green paid the estimated amounts, including the credit card fee.

BNM filed this suit seeking a declaratory judgment that the settlement agreement did not require more construction than was required by "the plain language and plain meaning" of the original Lighthouse engineering report. BNM asked the court to specifically declare that BNM's interpretation of the report's specifications for the driveway was correct. BNM stated there was a justiciable controversy because Green indicated his intention to recover the additional costs of having the repairs performed "pursuant to his own interpretation of the Lighthouse report." Green brought a counterclaim for breach of contract asserting that BNM refused to make the changes necessary for its work to conform to the original engineering report's specifications. BNM moved for, and was granted, an order of mediation. No settlement resulted.

A trial was conducted before the court without a jury. White testified he believed the work performed by BNM was consistent with the engineering report

prepared by Lighthouse. White further testified BNM did not refuse to finish the drainage work, but had merely paused the work to allow the attorneys for both sides to resolve the issue of what the Lighthouse report required. White conceded the grading around the house did not meet the minimum slope required by the IRC, but stated the code provides exceptions to that requirement. White did not ask Lighthouse whether reliance on an exception would be permitted.

Michael Gandy, owner of Lighthouse, testified the engineering report clearly required the driveway to be broken out and rebuilt to divert water away from the house and meet code requirements. The work done by BNM, according to Gandy, was insufficient to resolve the property's drainage issues. Gandy stated he could find no record of anyone from BNM contacting his office to get clarification or resolve any ambiguities in the report. He further stated there was nothing about the property that would cause it to fall under an exception to the IRC's grading requirement.

Green testified he hired Armadillo Fences only after BNM walked off the job. He stated he was concerned the house was not safe while the work was left undone. After he sent the text to White saying he was going to hire someone else, White never responded that BNM was willing and able to make the modifications Lighthouse said were needed for the work to meet the report's specifications. Green agreed that the settlement agreement did not require BNM to install sod.

George Francey, a general contractor with Armadillo Fences, testified he generated the estimate of $8,600 for the drainage work based on the original Lighthouse report, the inspection report, and a site inspection he performed of the property. Francey said he believed the $4,288 sod installation was necessary to keep the dirt used to regrade the property from washing away. Francey agreed that the type of sod he used was more expensive than Bermuda grass. But, he opined the work he performed was "reasonable and necessary to keep the water from coming into the house." When questioned about what portions of the total amounts charged were for labor and what portions were for materials, Francey stated he did not know. Neither the estimate nor the invoice for the drainage work contained a breakdown of costs.

After hearing the evidence, the trial court denied BNM's request for a declaratory judgment and ruled in favor of Green on his claim for breach of contract. The court specifically found that BNM breached the settlement agreement by failing to correct the deficiencies cited by Lighthouse following its inspection. As damages, the judgment awarded Green the amounts he paid Armadillo Fences for the drainage work and sod as well as the expenses he incurred mediating both his original construction liability claim and the dispute over the settlement agreement in this case. BNM brought this appeal.

**Analysis**

## I. Evidence of Breach

In its first issue, BNM contends the evidence does not support the trial court's conclusion that BNM breached the settlement agreement.[1] BNM argues the evidence shows instead that Green fired BNM before it was given a chance to complete the repairs in accordance with Lighthouse's instructions. In reviewing a legal sufficiency challenge to the evidence, we credit evidence that supports the verdict if a reasonable factfinder could have done so and disregard contrary evidence unless a reasonable factfinder could not have done so. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 299 S.W.3d 106, 115 (Tex.2009); *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). We consider all the evidence in the light most favorable to the prevailing party and indulge every reasonable inference in that party's favor. *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 520–21 (Tex. 2003). The evidence is legally sufficient if "more than a scintilla of evidence exists." *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex. 1993). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. *Litton Loan Servicing, L.P. v. Manning*, 366 S.W.3d 837, 840 (Tex. App.—Dallas

---

[1] Although the issue asserted in BNM's brief is that the trial court abused its discretion in finding BNM in breach, we liberally construe the argument to challenge the sufficiency of the evidence supporting the finding. TEX. R. APP. P. 38.9.

2012, pet. denied). The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 770 (Tex. 2010).

To evaluate a factual sufficiency challenge, we consider and weigh all the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). We can set aside a verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id*. We must not substitute our judgment for that of the factfinder and should remain cognizant that the factfinder is the sole judge of witness credibility. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

BNM does not dispute on appeal that the work it performed on Green's house failed to meet the specifications of the Lighthouse report. Instead, BNM contends only that it was prevented from completing its performance under the settlement agreement because Green hired another contractor. Prevention of performance is an affirmative defense that must be pleaded or else it is waived. *Orr v. Broussard*, 565 S.W.3d 415, 422 (Tex. App.—Houston [14th Dist.] 2018, no pet.). In addition, the party asserting prevention of performance must obtain findings of fact on that issue. *Id*. In this case, BNM did neither.

Even assuming the issue was preserved for our review, we conclude the evidence supports the trial court's finding that BNM breached the agreement. To show that its performance was prevented, BNM needed to show it made an attempt

to complete performance and performance was refused. *See Dorsett v. Cross*, 106 S.W.3d 213, 217-18 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). There is no evidence in the record that BNM ever offered or attempted to make the modifications Lighthouse determined were necessary to bring BNM's work into compliance with the engineering report made the basis of the settlement agreement. Indeed, BNM consistently asserted, both before and through trial of this case, that the work it did met the report's specifications and no modifications were required. Although BNM may have believed its work met the specifications of the report, it agreed to make whatever modifications an inspection deemed necessary, and it refused to do so. The initial refusal to do any further work until the parties' lawyers "worked it out" occurred before Green informed BNM it was hiring another contractor. Accordingly, we conclude the evidence is sufficient to support the trial court's finding of breach. We resolve BNM's first issue against it.

## II. Evidence of Completion Cost Damages

In its second issue, BNM contends the evidence does not support the trial court's award of damages. BNM argues Green failed to submit any evidence to show the amount he paid Armadillo Fences was reasonable.[2] We agree.

---

[2] Again, the issue asserted in BNM's brief is that the trial court "abused its discretion in awarding damages without adequate proof." We construe the argument to challenge the legal sufficiency of the evidence to support the implied finding that the damages sought by Green were reasonable and necessary. TEX. R. APP. P. 38.9; *see also Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 258 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (appellant may challenge implied findings for legal and factual sufficiency).

"The party seeking to recover the cost of completion in a breach of contract case has the burden to prove that the damages sought are reasonable and necessary." *Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 200 (Tex. 2004). To establish reasonableness, a party must show more than simply "the nature of the injuries, the character of and need for the services rendered, and the amounts charged therefore." *McGinty v. Hennen*, 372 S.W.3d 625, 627 (Tex. 2012) (quoting *Dallas Ry. & Terminal Co. v. Gossett*, 294 S.W.2d 377, 383 (Tex. 1956). There must be some other evidence showing that the amounts charged are reasonable. *Id.*

In this case, there was no evidence presented to show that the amount charged by Armadillo Fences was reasonable for the work performed. Although Francey stated the work done was reasonable and necessary to resolve Green's drainage problems, he offered no testimony to justify the price charged for the work. The only testimony concerning cost showed the sod Armadillo Fences chose to install was the more expensive option. Furthermore, Green conceded the sod was outside the scope of the work specified in the Lighthouse report. Without testimony regarding the reasonableness of the amounts charged to complete the work contracted for, the evidence is insufficient to support the award. *Id.*; *see also GHP Nail Systems, LLC v. Benelux Cosmetics B.V.*, 651 S.W.3d 574, 584-85 (Tex. App.— Houston [14th Dist.] 2022, no pet.); *Perry Homes v. Alwattari*, 33 S.W.3d 376, 385 (Tex. App.—Fort Worth 2000, pet. denied) (evidence repairs were necessary without evidence expenses were reasonable insufficient to support award of repair damages).

–10–

Green argues the words "reasonable" and "necessary" need not be used so long as there is sufficient evidence for the trier of fact to conclude the costs were reasonable. *See CCC Grp., Inc. v. S. Cent. Cement, Ltd.*, 450 S.W.3d 191, 200 (Tex. App.—Houston [1st Dist.] 2014, no pet.). But, Francey testified only as to the scope of the work performed and the total amount paid. Mere proof of amounts charged or paid does not demonstrate reasonableness. *Ebby Halliday Real Estate, Inc. v. Murnan*, 916 S.W.2d 585, 589 (Tex. App.—Fort Worth 1996, writ denied). While in some cases evidence concerning the process of how costs were calculated will be sufficient to support the reasonableness of the ultimate price, no such evidence was submitted here. *See McGinty*, 372 S.W.3d at 628.

Green additionally argues BNM failed to preserve this issue by not raising it in the trial court. In a civil nonjury case, a complaint regarding the legal or factual sufficiency of the evidence—including a complaint challenging the damages found by the trial court—may be raised for the first time on appeal. TEX. R. APP. P. 33.1(d). We resolve BNM's second issue in its favor.

## III. Conclusion

BNM does not challenge the trial court's award to Green of the expenses he incurred in connection with the mediation of his original claim under the Texas Residential Construction Liability Act and the mediation of the claims in this case. We recognize that mediation expenses are generally considered costs of suit. However, in this case, the mediation of Green's original construction liability claim

–11–

occurred before this suit was filed. Because the trial court did not order the mediation of the construction liability claim, the expenses of that mediation were necessarily awarded as damages rather than court costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 154.054; *Spears v. Huber*, No. 07-11-0193-CV, 2012 WL 933780, at *4 (Tex. App.—Amarillo 2012, no pet.) (court may award expenses of mediation it ordered as court costs). The significant reduction in the amount of damages awarded to Green compels us to give the trial court an opportunity to reconsider its assessment of attorney's fees. *See Young v. Qualls*, 223 S.W.3d 312, 314 (Tex. 2007) (per curiam). Accordingly, we reverse the trial court's award of completion costs and render judgment that Green recover no remedial damages. We further vacate the award of attorney's fees and remand this case to the trial court for a redetermination of reasonable and necessary fees to be awarded. We affirm the trial court's judgment in all other respects.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

220474F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

BNM VENTURES, LLC, Appellant

No. 05-22-00474-CV       V.

SHANNON GREEN, Appellee

On Appeal from the 95th District Court, Dallas County, Texas
Trial Court Cause No. DC-20-08630.
Opinion delivered by Justice Reichek. Justices Nowell and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part, **REVERSED AND RENDERED** in part, and **VACATED AND REMANDED** in part. We **REVERSE** that portion of the trial court's judgment awarding SHANNON GREEN $13,351.73 and **RENDER** judgment that he take nothing by his claim for remedial damages. We further **VACATE** the portion of the trial court's judgment awarding SHANNON GREEN his attorney's fees. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 16th day of June 2023.